# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE )
)
v. ) I.D. No. 1802005743
)
KIARYE BRAXTON, )
)
Defendant. )

Submitted: April 7, 2025
Decided: April 14, 2025

*Upon Defendant's Motion and Amended Motion for Correction of Illegal Sentence*
**DENIED.**

## **ORDER**

Andrew J. Vella, Esquire, Chief of Appeals, DEPARTMENT OF JUSTICE, 820 North French Street, Wilmington, DE 19801, Attorney for the State.

Kiayre Braxton, Smyrna, DE, *pro se.*

**WHARTON, J.**

This 14th day of April 2025, upon consideration of Defendant Kiayre Braxton's ("Braxton") *pro se* Motion[1] ("Motion") and Amended Motion for Correction of Illegal Sentence[2] ("Amended Motion") and the record in this matter, it appears to the Court that:

1.       Braxton pled guilty on February 11, 2019 to five charges – conspiracy to commit racketeering, drug dealing in heroin, and three counts of possession of a firearm during the commission of a felony ("PFDCF") involving three different handguns. The plea agreement contemplated an agreed upon sentence of 49.5 years at level 5, suspended after 26.5 years at level 5 for 23 years at level 4, suspended after 6 months at level 4 for 2 years at level 3 probation. All 26.5 years at level 5, including 12.5 years as a habitual offender on one of the PFDCF charges represent minimum mandatory sentences. The Court imposed the agreed upon recommended sentences the same day. Braxton did not appeal his convictions and sentences.

2.       Braxton filed a Motion for Postconviction Relief pursuant to Superior Court Criminal Rule 61 *pro se* on February 10, 2020,[3] accompanied by a motion for appointment of counsel.[4] The Court granted the request for appointment of counsel

---

[1] D.I. 64.
[2] D.I. 65.
[2] D.I. 45.
[3] D.I. 45C.
[4] D.I. 52.

on February 14, 2020.[5]  Postconviction counsel moved to withdraw after she reviewed the record and the applicable law, and concluded that none of Braxton's postconviction claims "have enough merit to be ethically advocated, and that there are no other potential meritorious grounds for relief that can be raised on behalf of Mr. Braxton."[6]  Braxton did not submit any points he wished the Court to consider. The Court denied the motion on September 28, 2021.[7]  Braxton did not appeal.

3.      Now, Braxton moves for correction of an illegal sentence.  The Motion sets out the grounds for relief, while the Amended Motion supplements the Motion with his Plea Agreement and Truth in Sentencing Guilty Plea Forms, attached to the Amended Motion as Exhibits "A" and "B" respectively.[8]  Braxton contends that the Court "erred in unilaterally determining: (i) Braxton's eligibility for an habitual offender enhancement under Section 4214(b) on one PFDCF offense; and (ii) Braxton's eligibility for enhanced minimum mandatory sentencing under 1447A(c) on the other two PFDCF offenses."[9]  Citing *Erlinger v. United States*,[10] he argues that any fact that increases his exposure to enhanced punishment must be submitted to a jury and found unanimously beyond a reasonable doubt.[11]

---

[6] D.I. 58.
[7] *State v. Braxton,* 2021 WL 4462593 (Del. Super. Ct. Sep. 28, 2021).
[8] D.I. 65.
[9] D.I. 64 at ¶ 6.
[10] 602 U.S. 821 (2024).
[11] D.I. 64 at ¶ 6.

4.    Pursuant to Criminal Rule 35(a), the Court may correct an illegal sentence at any time.[12]   A sentence is illegal if it violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence that the judgment of conviction did not authorize.[13]  The Court may correct a sentence imposed in an illegal manner within the time provided for the reduction of sentence which is 90 days of the imposition of sentence.[14]

5.    Here, the Court need not determine whether the motion more properly is one to correct an illegal sentence, and thus cognizable, or a time barred motion to correct a sentence illegally imposed.  The Court need only consult the  Plea Agreement, the Immediate Sentencing Form, and the Truth-in-Sentencing Guilty Plea Form, all of which were signed by Braxton, to determine he is not entitled to relief under either interpretation of the motion.  Braxton pled guilty to three counts of PFDCF, Counts 62, 63, and 64. The Plea Agreement reads:

> The STATE AND DEFENDANT AGREE to recommend:
>
> …Count 62: 5 Years at level 5 (min/mand), pursuant to 11 Del. C. Sec 1447A(c), with no probation to follow.
>
> Count 63: 5 Years at Level 5 (min/mand), pursuant to 11 Del. C. Sec. 1447A(c), with no probation to follow.

---

[12] Super. Ct. Crim. R. 35(a).
[13] *Brittingham v. State,* 705 A.2d 577, 578 (Del. 1998).
[14] Super. Ct. Crim. R. 35(a) and (b).

Count 64 12.5 Years at Level 5 (min/mand), pursuant to 11 Del. C. Sec. 4214(b).[15]

Braxton also agreed in the Plea Agreement agrees he "is a Habitual Offender and therefore subject to sentencing pursuant to 11 Del. C. § 4214(b) due to the following prior convictions: Escape After Conviction, 2010 (formerly a violent felony), Possession within 1000 Feet of a School, 2008 (formerly a violent felony), and Poss. With Intent to Deliver, 2009 (a Title 16 violent felony under 11 Del. C. Sec. 4201(c)).[16] He acknowledged those three convictions in the Immediate Sentencing Form he signed just below a statement reading, "Any false statements made on this paper are punishable under 11 Del. C. § 1233."[17] Similarly, the Truth-in-Sentencing Guilty Plea Form specifies five year minimum mandatory sentences for two of the PFDCF charges and 12.5 years for the other.[18]

6.      Sec. 1447A(c) provides for an enhanced five year minimum mandatory sentence instead of the standard three years for defendants "who [have] been at least twice convicted of a felony in this State or elsewhere."[19]  Sec. 4214(b) states:,

> Any person who has been 3 times convicted of a felony under the laws of this State…, and who thereafter be convicted of a subsequent felony, which is the person's first Title 11 violent felony, or attempt to commit such a violent felony, as defined in § 4201(c) of this title shall

---

[15] D.I. 42.
[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] 11 *Del. C.* § 1447C(c).

5

receive a minimum sentence of ½ of the statutory maximum penalty provided elsewhere in this title…[20]

Just as Braxton waived his right to have a jury determine his guilt beyond a reasonable doubt when he entered his guilty plea, so too did he waive his right to have a jury determine the enhancements for two of the PFDCF charges and his status as a habitual offender for the third. He admitted to all of the facts a jury would need to find unanimously beyond a reasonable doubt for the enhancements to apply. Accordingly, *Erlinger* and its predecessors provide no relief to Braxton.

**THEREFORE,** Braxton's Motion and Amended Motion for Correction of Illegal Sentence are **DENIED.**

**IT IS SO ORDERED.**

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

---

[20] 11 *Del. C.* § 4214(b).